NATIONAL MINING ASSOCIATION,
et al., Plaintiffs,

v.

Elaine L. CHAO,* Secretary of the U.S.
Department of Labor, and the United
States Department of Labor, Defendants.

United Mine Workers of America,
et al., Intervenor–Defendants.

No. 1:00CV03086 EGS.

United States District Court,
District of Columbia.

Feb. 9, 2001.

Mark E. Solomons, Michael Goodstein,
Arter & Hadden, LLP, Washington, DC,
for Plaintiffs.

Sandra Schraibman, Gail Walker, Lisa
M. Bornstein, U.S. Department of Justice,
Civil Division, Washington, DC, for Defendants.

George Cohen, Jeremiah Collins, Bredhoff & Kaiser, Washington, DC, for Intervenor–Defendants.

## PRELIMINARY INJUNCTION ORDER

SULLIVAN, District Judge.

At issue in this case are various revisions to the regulations implementing the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.*, recently promulgated by the Department of Labor after four years of rulemaking proceedings. These regulatory revisions became effective as scheduled on January 19, 2001. *See* 65 Fed.Reg. 79920–80107 (Dec. 20, 2000).

Pending before the Court is plaintiffs' motion for a preliminary injunction, in which plaintiffs seek an Order from the Court preliminarily enjoining the implementation of forty-seven (47) of the regulatory provisions challenged, namely: 20 C.F.R. §§ 718.104(d); 718.201(a)(2) and (c); 718.204(a); 718.205(c)(5) and (d); 725.2(c); 725.4; 725.101(a)(6); 725.103; 725.202(b); 725.209; 725.212(b); 725.213(c); 725.219(d); 725.309; 725.310; 725.366(b) and (c); 725.367; 725.406; 725.407 through 419; 725.456 though 459; 725.465(b) and (d); 725.493; 725.502; 725.503; 725.607; 725.608; 725.701; 726.8(d); and 726.203(a).

With the consent of defendants and plaintiffs, and without objection of the intervenor-defendants, the Court in the interest of justice hereby grants plaintiffs limited preliminary injunctive relief, and orders that claims for black lung benefits shall be processed and adjudicated for the duration of the briefing, hearing, and decision schedule set by the Court, as follows:

1. The Department of Labor's Office of Workers' Compensation Programs (OWCP) shall suspend, for the duration of the briefing, hearing and decision schedule set by the Court, the adjudication of all claims for black lung benefits filed after the new regulations became effective (January 19, 2001). Notwithstanding this suspension of proceedings, OWCP shall:

   (a) develop evidence and notify responsible operators of their potential liability. The development of evidence includes gathering information relevant to the miner's employment history as well as gathering evidence contained in the public record, such as documents relevant to proof of age and family relationships.

---

* Pursuant to Fed.R.Civ.P. 25(d), Elaine L. Chao, sworn in as the new Secretary of the Department of Labor on January 31, 2001, is substituted for her predecessor, Alexis Herman.

(b) schedule miners for medical examination and testing pursuant to 20 C.F.R. § 725.406 (as revised).

(c) with regard to a survivor's claims, gather existing medical evidence.

(d) continue to process the claim up to, but not including, the issuance of a schedule for the submission of additional evidence pursuant to 20 C.F.R. § 725.410(a) (as revised).

2. With respect to claims for black lung benefits filed on or before January 19, 2001, which remain pending before the OWCP at the time of this Order, OWCP shall process and adjudicate claims pursuant to applicable regulations, *see* 20 C.F.R. § 725.2 (as revised) (detailing revised regulations that are not applicable to claims pending on January 19, 2001), with the following provisos:

(a) In any claim in which the district director determines, in accordance with the regulations, that the claimant is eligible for benefits but that a formal hearing before an Administrative Law Judge will be necessary to resolve the claim (either because a party has requested a hearing or the district director has ordered one), the Department will institute payment of benefits to the claimant, prior to final adjudication, from the Black Lung Disability Trust Fund in accordance with 26 U.S.C. § 9501(d)(1)(A)(1) and 20 C.F.R. §§ 725.420 and 725.522 (as revised).

(b) In any case in which a hearing before an Administrative Law Judge is either requested or ordered by the district director, the district director, pursuant to 20 C.F.R. § 725.421 (1999), will refer the claim to the Office of Administrative Law Judges for docketing.

(c) If the district director determines that a responsible operator (or its insurer) is liable for the claim and such operator has made a timely request for hearing before an Administrative Law Judge, the operator shall not be obligated to pay benefits to the claimant until an effective award is issued by the Administrative Law Judge, and the provisions of 20 C.F.R. § 725.607 (as revised) (providing for additional payments to claimant for failure to timely pay benefits awarded) will not apply until that time.

3. All claims for black lung benefits pending before the Department's Office of Administrative Law Judges at the time of this Order, or which become pending within the period set by the Court for briefing, hearing and decision on the merits, shall be stayed for the duration of the briefing, hearing and decision schedule set by the Court, except where the adjudicator, after briefing by the parties to the pending claim, determines that the regulations at issue in the instant lawsuit will not affect the outcome of the case.

4. All claims for black lung benefits pending before the Department's Benefits Review Board at the time of this Order shall be stayed for the duration of the briefing, hearing and decision schedule set by the Court, except where the adjudicator, after briefing by the parties to the pending claim, determines that the regulations at issue in the instant lawsuit will not affect the outcome of the case.

5. Notwithstanding this Order, existing awards of black lung benefits shall remain in effect and enforceable.

The processing and adjudication of all claims for black lung benefits·shall resume, without limitation, pursuant to governing regulations following the date set for a decision on the merits absent further Order of the Court.

### ORDER

And now this 8th day of February, 2001, upon consideration of Plaintiffs' Motion to

Reconsider in Part Order Granting Intervention, to Clarify Intervenors' Status and to Reserve Rights, and the Intervenors' Opposition thereto, it is hereby ORDERED and DECREED that the Motion is denied in its entirety.